NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Petitioner, *Pro Se*

FILED

OCT 06 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE DMCA 512(h)
SUBPOENA TO X CORP.

Case No.: CV 25 80305 MISC LB

REQUEST TO THE CLERK FOR
ISSUANCE OF SUBPOENA
PURSUANT TO 17 U.S.C. § 512(h) TO
IDENTIFY ALLEGED COPYRIGHT
INFRINGER(S)

---

1

REQUEST TO THE CLERK FOR ISSUANCE OF DMCA SUBPOENA PURSUANT TO 17 U.S.C. § 512(h)
CASE NO.:

Petitioner Nima Gharavi ("Petitioner") respectfully requests that the Clerk of this Court issue a subpoena pursuant to 17 U.S.C. § 512(h) to X Corp. ("Service Provider") for the purpose of identifying one or more alleged infringers of Petitioner's copyrights. In support of this Request, Petitioner states as follows:

1. **Petitioner's Copyright Ownership**: Petitioner is the exclusive owner of the copyrights in the motion pictures (the "Work") allegedly infringed. Gharavi Decl., Ex. 3, ¶ 1.

2. **Alleged Infringement**: Petitioner has discovered that one or more individuals using Service Provider's platform have allegedly infringed Petitioner's exclusive rights, including but not limited to, the right to reproduce pursuant to 17 U.S.C. § 106(1), by publishing one or more unauthorized reproductions copied from the Work to which Petitioner retains exclusive copyrights. Gharavi Decl., Ex. 3, ¶ 2.

3. **Notification Sent to Service Provider**: Petitioner sent one or more notifications to Service Provider in compliance with 17 U.S.C. § 512(c)(3)(A), requesting the removal of the infringing material, attached as Exhibit 1. Gharavi Decl., Ex. 3, ¶ 3.

4. **Purpose of Subpoena**: The purpose of this subpoena is to obtain information sufficient to identify the alleged infringers. *See In re DMCA Subpoena to eBay, Inc.*, No. 15-CV-922-BEN-MDD, 2015 WL 3555270, at *4 (S.D. Cal. June 5, 2015) (holding a DMCA subpoena issued on April 2, 2015, valid and enforceable for production of "the name, last known address, last known telephone number,

any electronic mail addresses associated with each account from January 1, 2012, to the date of the subpoena and any logs of Internet Protocol addresses used to access the subject accounts" during the same period).

5. **Compliance with Statutory Requirements**: Pursuant to 17 U.S.C. § 512(h)(2), Petitioner has submitted:

- A copy of the notification(s) sent to Service Provider (Exhibit 1);
- A proposed subpoena (Exhibit 2); and
- A sworn declaration confirming that the subpoena is sought solely for the purpose of protecting Requestor's rights under Title 17 (Exhibit 3).

**Argument**

Section 512(h) of the DMCA identifies the statutory requirements for a party to request issuance of a subpoena to obtain information from a service provider for identification of copyright infringers. When First Amendment concerns arise that may be implicated in some DMCA Section 512(h) subpoenas, they are typically raised in a motion to quash. Here, in an effort to preserve court resources, litigation costs, and avoid the delays associated with a motion to quash, Petitioner provides the following additional context in support of its request for a subpoena.

**Statutory Requirements for a DMCA Subpoena to Issue Are Met**

Section 512(h) of the DMCA reads, in part: "A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States

district court to issue a subpoena to a service provider for identification of an alleged infringer . . . ." 17 U.S.C. § 512(h)(1). Along with a proposed subpoena and one or more DMCA takedown notices, the requesting party must submit "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title." 17 U.S.C. § 512(h)(2).

Here, through its submitted sworn declaration and documentary evidence, Petitioner has complied with the statutory requirements under 17 U.S.C. § 512(h) for the issuance of a subpoena. Gharavi Decl., Ex. 3, ¶¶ 1-6.

**First Amendment Protections Do Not Prevent Issuance of the Subpoena**

Some courts and parties take the view that unmasking the identities of anonymous speakers on the internet requires additional steps not identified in the DMCA to adequately protect users' free speech rights under the First Amendment. *See, e.g., In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876-79 (N.D. Cal. Jun., 21, 2022) ("*Bayside*").

Free speech protections under the First Amendment extend to anonymous speech on the Internet. *See Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870 (1997). While the right to speak anonymously is not absolute, First Amendment safeguards may apply when a litigant seeks to unmask an anonymous speaker on the Internet in alleged efforts

REQUEST TO THE CLERK FOR ISSUANCE OF DMCA SUBPOENA PURSUANT TO 17 U.S.C. § 512(h)
CASE NO.:

to pursue claims against that person. *Bayside*, 608 F. Supp. 3d at 876-79; *Baugher v. GoDaddy.com LLC*, 2021 WL 4942658, at *2-3 (D. Ariz. Oct. 22, 2021).

While the First Amendment may not ultimately protect the speech at issue, some courts have elected to conduct a First Amendment analysis in the unmasking process when the speaker or the nonparty subpoena recipient raised First Amendment concerns in either motions to quash or responses to motions to compel.

Conversely, other courts in this District and elsewhere have elected not to treat First Amendment analysis as a threshold question to the unmasking when an individual effectively uses their privacy interest to operate anonymously on the Internet to hide copyright infringement. *Strike 3 Holdings, LLC v. Doe*, 2018 WL 10604533, at *2 (N.D. Cal. Sept. 14, 2018). This is because, "to the extent that anonymity is used to mask copyright infringement . . . it is unprotected by the First Amendment." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010).

At least one court has held that, for a DMCA subpoena to be used to unmask an anonymous speaker on the Internet consistent with First Amendment safeguards, a two-step inquiry must be undertaken regardless of whether the speech is commercial or non-commercial. *See Bayside*, 608 F. Supp. 3d at 876 ("First, the party seeking the disclosure must demonstrate a prima facie case on the merits of its underlying claim."). This is a higher standard than assessing merely whether a party has adequately pleaded

its claims. *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 649 (N.D. Cal. 2020).

Second, the court balances "the need for the discovery against the First Amendment interest at stake." *Bayside*, 608 F. Supp. 3d at 876; *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 982 (N.D. Cal. 2015) (withdrawing prior order because the speaker's First Amendment rights outweighed plaintiffs' need for the requested information).

In that balancing inquiry, Courts consider four factors: whether "(1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source." *Castro v. Doe*, No. 23-MC-80198-TSH, 2023 WL 9232964, at *5 (N.D. Cal. Oct. 12, 2023) (quoting *Rich v. Butowsky*, No. 20-MC-80081-DMR, 2020 WL 5910069, at *3–4 (N.D. Cal. Oct. 6, 2020)).

This applies regardless of whether the party seeking disclosure has served a third-party subpoena under Fed. R. Civ. P. 45 or a subpoena under the DMCA. *See Bayside*, 608 F. Supp. 3d at 877-83; *Baugher*, 2021 WL 4942658, at *2-3; *In re Subpoena to Reddit, Inc.*, 2024 WL 477519, at *2-3 (N.D. Cal. Feb. 7, 2024). It applies even in the

context of allegedly commercial speech. *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 985 (N.D. Cal. 2015).

Here, Petitioner has satisfied both aspects of this two-part test and is entitled to issuance of a subpoena that would unmask the subject anonymous users. Gharavi Decl., Ex. 3, ¶¶ 6-11.

Petitioner has demonstrated a prima facie case of copyright infringement. Petitioner is the copyright owner of the original works that were copied by the X Corp. accountholders at issue in the requested subpoena. This fact is uncontested. Gharavi Decl., Ex. 3, ¶¶ 1, 11. Petitioner has also demonstrated that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. Gharavi Decl., Ex. 3, ¶¶ 2-3; Ex. 1.

Likewise, Petitioner can demonstrate that its need for the subpoenaed information outweighs any First Amendment interests. All four factors weigh in favor of granting the subpoena: (1) the subpoena is sought in good faith, i.e., to pursue copyright claims against the infringers (Gharavi Decl., Ex. 3, ¶¶ 6-7, 9); (2) the information sought relates to a core claim, i.e., copyright infringement (Gharavi Decl., Ex. 3, ¶¶ 2, 5, 11); (3) the identifying information is directly and materially relevant to that claim, i.e., the identities of the infringers, which are necessary to bring copyright claims against them (Gharavi Decl., Ex. 3, ¶ 10); and (4) the information sought is unavailable from any other source, because the infringement occurred on X Corp.'s platform by X users for

whom only X Corp. holds account information and identifying information. Gharavi Decl., Ex. 3, ¶¶ 10-11.

**Clerk's Duty to Issue Subpoena**

Under 17 U.S.C. § 512(h)(4), if the notification satisfies the requirements of Section 512(c)(3)(A), and the proposed subpoena and declaration are in proper form, the Clerk of Court shall expeditiously issue and sign the subpoena. For the foregoing reasons, Petitioner respectfully requests the Clerk of Court issue the enclosed, proposed subpoena (Exhibit 2).

Dated: October 2, 2025

Nima Gharavi
Petitioner, *Pro Se*

# Exhibit 1

# DMCA Takedown Notification

**From:** X Legal Support <legal-support@x.com>
**Sent:** Tuesday, September 23, 2025 4:14 PM
**Subject:** LEGAL-1428760: DMCA - Copyright owner

[External email - use caution]

_____

Reply above this line.

Hello,

This is an auto-confirmation that we have received your copyright report. X will reply as soon as possible.

Copyright complaints concern the unauthorized distribution or republishing of material protected by copyright law. Here are some examples of possible copyright issues on X:
1. X account publishing links to free downloads of copyright protected materials
2. X account using a copyright protected logo or image

If your report does not involve a copyright protected image that is being used as a X account background or profile image, or posts containing links to unauthorized publication of copyright protected materials, most likely, it is not a X copyright issue.

Many people confuse copyright with trademark. For information on reporting other possible Terms of Service violations, including possible trademark issues, please see this page:
https://help.x.com/rules-and-policies/x-report-violation.

If you have concerns regarding an urgent issue relating to abuse or safety on X please refer to the X rules here: https://help.x.com/rules-and-policies/x-rules.

Thanks,

X

-------------------------------------------------
Your ticket number: LEGAL-1428760

Copyright owner:
> Nima Gharavi D.B.A. Midwest Wrestle
Name:
> Nima Gharavi
Company:

2

> Midwest Wrestle  
Job title:  
> President  
Email:  
> nima@midwestwrestle.com

Address:  
> 4610 North Clark St. #1098  
City:  
> Chicago  
State/Province:  
> IL  
Postal code:  
> 60640  
Phone (optional):  
> [Empty]  
Fax (optional):  
> [Empty]

Where is this infringement happening?  
> Twitter  
Description of original request:  
> The alleged infringement involves one or more motion picture(s) and/or photograph(s) ("the Work") that I created and that I retain exclusive copyright(s) to.

Links to original work:  
> https://www.youtube.com/channel/UCOTWc6iY4Ms8xZjVTg7VPow  
> https://www.youtube.com/@MidwestWrestle/videos  
> https://www.instagram.com/nimagharavi  
> https://www.instagram.com/p/DCNOtlHRLUx/

Please provide URL(s) to the infringing material (e.g., Tweet URL, Periscope broadcast URL, Fleet ID, etc.):  
> https://x.com/POTUS_Wrestling/status/1936788448146317488  
> https://x.com/POTUS_Wrestling/status/1936418232933748761  
> https://x.com/POTUS_Wrestling/status/1936422835066437981  
> https://x.com/POTUS_Wrestling/status/1936164983504613530  
> https://x.com/POTUS_Wrestling/status/1936147028691894744  
> https://x.com/POTUS_Wrestling/status/1936809319741211076  
> https://x.com/POTUS_Wrestling/status/1936127149817118890  
> https://x.com/POTUS_Wrestling/status/1936245157932007841  
> https://x.com/POTUS_Wrestling/status/1936147359781531712  
> https://x.com/POTUS_Wrestling/status/1936145631145259019  
> https://x.com/POTUS_Wrestling/status/1936146038202433773

3

> https://x.com/POTUS_Wrestling/status/1936550497483120768
> https://x.com/POTUS_Wrestling/status/1936156289736093948
> https://x.com/POTUS_Wrestling/status/1936237695044665566
> https://x.com/POTUS_Wrestling/status/1936939866425901486
> https://x.com/POTUS_Wrestling/status/1937155618827092385
> https://x.com/POTUS_Wrestling/status/1936846096484995544
> https://x.com/POTUS_Wrestling/status/1936812924065947991
> https://x.com/POTUS_Wrestling/status/1936550676269605026
> https://x.com/POTUS_Wrestling/status/1936550618744672529
> https://x.com/POTUS_Wrestling/status/1936550569549680825
> https://x.com/POTUS_Wrestling/status/1936550525627220437
> https://x.com/POTUS_Wrestling/status/1936499758920523968
> https://x.com/POTUS_Wrestling/status/1936462319845863867

Reported content:
> Image/Photograph
Description of infringement:
> The reported material infringes on my exclusive right(s), including but not limited to, the right to reproduce pursuant to 17 U.S.C. § 106(1), by publishing one or more unauthorized reproduction(s) copied from the Work to which I retain exclusive copyright(s).

512(f) Acknowledgement:
> I understand that under 17 U.S.C. § 512(f), I may be liable for any damages, including costs and attorneys' fees, if I knowingly materially misrepresent that reported material or activity is infringing.

Good Faith Belief:
> I have good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

Authority to Act:
> The information in this notification is accurate, and I state under penalty of perjury that I am authorized to act on behalf of the copyright owner.

Signature:
> Nima Gharavi
Country
> US

# ATTACHMENT A TO SUBPOENA TO X CORP

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

For each of the subsequently listed user account(s): the name, last known address, last known telephone number, any electronic mail addresses associated with each account from three (3) years to the date of production and any logs of Internet Protocol addresses used to access the subject account(s) from three (3) years to the date of production. *See In re DMCA Subpoena to eBay, Inc.*, No. 15-CV-922-BEN-MDD, 2015 WL 3555270, at *4 (S.D. Cal. June 5, 2015) (holding a DMCA subpoena issued on April 2, 2015, valid and enforceable for production of "the name, last known address, last known telephone number, any electronic mail addresses associated with each account from January 1, 2012, to the date of the subpoena and any logs of Internet Protocol addresses used to access the subject accounts" during the same period).

## USER ACCOUNT FROM DMCA NOTICE

1. @POTUS_Wrestling (https://x.com/POTUS_Wrestling)

    a. Also known as:

        i. @MatScouts_RTC (https://x.com/MatScouts_RTC)

        ii. @Mat_Goblin_47q8 (https://x.com/Mat_Goblin_47q8)

# Exhibit 3

NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Petitioner, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO X CORP. | Case No.:<br><br>DECLARATION IN SUPPORT OF REQUEST FOR SUBPOENA TO OBTAIN THE IDENTITY OF ONE OR MORE ALLEGED INFRINGERS PURSUANT TO 17 U.S.C. § 512(h) |

I, Nima Gharavi, declare under penalty of perjury that the following is true and correct:

1. I am the original creator and exclusive owner of all copyrights in all motion pictures published to the YouTube channel https://www.youtube.com/MidwestWrestle and the Instagram account https://www.instagram.com/nimagharavi_ (collectively the "Work") protected under U.S. copyright law.

2. I have reason to believe that one or more individuals have infringed my copyrights in the Work by publishing one or more unauthorized reproductions copied from the Work.

3. I sent one or more DMCA takedown notices (Exhibit 1) to X Corp. pursuant to 17 U.S.C. Section 512(c)(3)(A) regarding the alleged infringement.

4. I am requesting the issuance of a subpoena pursuant to 17 U.S.C. § 512(h) to identify the alleged infringer(s).

5. I have a good faith belief that the use of the material in the manner complained of is not authorized by me, my agent, or the law.

6. The information sought through this subpoena will be used solely for the purpose of protecting my rights under Title 17 of the United States Code.

7. I am filing this request in good faith to address potential First Amendment concerns.

8. I have reviewed the relevant legal authorities and am submitting this request with a proper understanding of the legal standards for unmasking anonymous users in copyright infringement cases.

9. I am not seeking this information for any improper purpose, such as harassment or to suppress legitimate speech.

10. The identifying information I seek is directly and materially relevant to my copyright infringement claims and is unavailable from any other source.

11. I have a good faith belief that the user(s) identified in my DMCA notice(s) have infringed upon my exclusive rights as a copyright owner, and the subpoena is necessary to identify these user(s) so that I may protect my intellectual property rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 2, 2025 at Chicago, Illinois.

Nima Gharavi
Petitioner, *Pro Se*