NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Petitioner, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO X CORP. | Case No.: 3:25-mc-80305-LB<br><br>AMENDED REQUEST TO THE CLERK FOR ISSUANCE OF SUBPOENA PURSUANT TO 17 U.S.C. § 512(h) TO IDENTIFY ALLEGED COPYRIGHT INFRINGER(S) |

Petitioner Nima Gharavi ("Petitioner") respectfully requests that the Clerk of this Court issue an amended subpoena pursuant to 17 U.S.C. § 512(h) to X Corp. ("Service Provider") to include an additional alleged infringer discovered subsequent to the Court's issuance of the original subpoena on October 9, 2025. In support of this Amended Petition, Petitioner states as follows:

1. **Procedural Background:** On October 9, 2025, this Court issued a subpoena pursuant to Petitioner's original petition concerning an alleged infringing account. The subpoena was served on October 10, 2025.

2. **Discovery of Additional Infringement:** Following service, Petitioner discovered an additional account engaging in substantially similar copyright infringement involving an additional copyrighted work owned by Petitioner.

3. **Additional DMCA Compliance:** Petitioner sent a compliant takedown notice pursuant to 17 U.S.C. § 512(c)(3)(A) for the newly discovered infringement on October 18, 2025.

4. **Justification for Amendment:** The original subpoena, while addressing the initially identified infringement, has become incomplete due to the discovery of additional, similar infringing conduct. Accordingly, Petitioner respectfully requests amendment to include the newly identified account.

5. **Compliance with Statutory Requirements**: Pursuant to 17 U.S.C. § 512(h)(2), Petitioner has submitted:

- A copy of the notification(s) sent to Service Provider (Exhibit 1);
- A proposed subpoena (Exhibit 2); and
- A sworn declaration confirming that the subpoena is sought solely for the purpose of protecting Requestor's rights under Title 17 (Exhibit 3).

**Argument**

Section 512(h) of the DMCA identifies the statutory requirements for a party to request issuance of a subpoena to obtain information from a service provider for identification of copyright infringers. When First Amendment concerns arise that may be implicated in some DMCA Section 512(h) subpoenas, they are typically raised in a motion to quash. Here, in an effort to preserve court resources, litigation costs, and avoid the delays associated with a motion to quash, Petitioner provides the following additional context in support of its request for a subpoena.

**Statutory Requirements for a DMCA Subpoena to Issue Are Met**

Section 512(h) of the DMCA reads, in part: "A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer . . . ." 17 U.S.C. § 512(h)(1). Along with a proposed subpoena and one or more DMCA takedown notices, the requesting party must submit "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an

alleged infringer and that such information will only be used for the purpose of protecting rights under this title." 17 U.S.C. § 512(h)(2).

Here, through its submitted sworn declaration and documentary evidence, Petitioner has complied with the statutory requirements under 17 U.S.C. § 512(h) for the issuance of a subpoena. Gharavi Decl., Ex. 3, ¶¶ 1-6.

**First Amendment Protections Do Not Prevent Issuance of the Subpoena**

Some courts and parties take the view that unmasking the identities of anonymous speakers on the internet requires additional steps not identified in the DMCA to adequately protect users' free speech rights under the First Amendment. *See, e.g., In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876-79 (N.D. Cal. Jun., 21, 2022) ("*Bayside*").

Free speech protections under the First Amendment extend to anonymous speech on the Internet. *See Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870 (1997). While the right to speak anonymously is not absolute, First Amendment safeguards may apply when a litigant seeks to unmask an anonymous speaker on the Internet in alleged efforts to pursue claims against that person. *Bayside*, 608 F. Supp. 3d at 876-79; *Baugher v. GoDaddy.com LLC*, 2021 WL 4942658, at *2-3 (D. Ariz. Oct. 22, 2021).

While the First Amendment may not ultimately protect the speech at issue, some courts have elected to conduct a First Amendment analysis in the unmasking process

when the speaker or the nonparty subpoena recipient raised First Amendment concerns in either motions to quash or responses to motions to compel.

Conversely, other courts in this District and elsewhere have elected not to treat First Amendment analysis as a threshold question to the unmasking when an individual effectively uses their privacy interest to operate anonymously on the Internet to hide copyright infringement. *Strike 3 Holdings, LLC v. Doe*, 2018 WL 10604533, at *2 (N.D. Cal. Sept. 14, 2018). This is because, "to the extent that anonymity is used to mask copyright infringement . . . it is unprotected by the First Amendment." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010).

At least one court has held that, for a DMCA subpoena to be used to unmask an anonymous speaker on the Internet consistent with First Amendment safeguards, a two-step inquiry must be undertaken regardless of whether the speech is commercial or non-commercial. *See Bayside*, 608 F. Supp. 3d at 876 ("First, the party seeking the disclosure must demonstrate a prima facie case on the merits of its underlying claim."). This is a higher standard than assessing merely whether a party has adequately pleaded its claims. *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 649 (N.D. Cal. 2020).

Second, the court balances "the need for the discovery against the First Amendment interest at stake." *Bayside*, 608 F. Supp. 3d at 876; *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 982 (N.D. Cal. 2015) (withdrawing

prior order because the speaker's First Amendment rights outweighed plaintiffs' need for the requested information).

In that balancing inquiry, Courts consider four factors: whether "(1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source." *Castro v. Doe*, No. 23-MC-80198-TSH, 2023 WL 9232964, at *5 (N.D. Cal. Oct. 12, 2023) (quoting *Rich v. Butowsky*, No. 20-MC-80081-DMR, 2020 WL 5910069, at *3–4 (N.D. Cal. Oct. 6, 2020)).

This applies regardless of whether the party seeking disclosure has served a third-party subpoena under Fed. R. Civ. P. 45 or a subpoena under the DMCA. *See Bayside*, 608 F. Supp. 3d at 877-83; *Baugher*, 2021 WL 4942658, at *2-3; *In re Subpoena to Reddit, Inc.*, 2024 WL 477519, at *2-3 (N.D. Cal. Feb. 7, 2024). It applies even in the context of allegedly commercial speech. *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 985 (N.D. Cal. 2015).

Here, Petitioner has satisfied both aspects of this two-part test and is entitled to issuance of a subpoena that would unmask the subject anonymous users. Gharavi Decl., Ex. 3, ¶¶ 6-11.

Petitioner has demonstrated a prima facie case of copyright infringement. Petitioner is the copyright owner of the original works that were copied by the X Corp. accountholders at issue in the requested subpoena. This fact is uncontested. Gharavi Decl., Ex. 3, ¶¶ 1, 11. Petitioner has also demonstrated that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. Gharavi Decl., Ex. 3, ¶¶ 2-3; Ex. 1.

Likewise, Petitioner can demonstrate that its need for the subpoenaed information outweighs any First Amendment interests. All four factors weigh in favor of granting the subpoena: (1) the subpoena is sought in good faith, i.e., to pursue copyright claims against the infringers (Gharavi Decl., Ex. 3, ¶¶ 6-7, 9); (2) the information sought relates to a core claim, i.e., copyright infringement (Gharavi Decl., Ex. 3, ¶¶ 2, 5, 11); (3) the identifying information is directly and materially relevant to that claim, i.e., the identities of the infringers, which are necessary to bring copyright claims against them (Gharavi Decl., Ex. 3, ¶ 10); and (4) the information sought is unavailable from any other source, because the infringement occurred on X Corp.'s platform by X users for whom only X Corp. holds account information and identifying information. Gharavi Decl., Ex. 3, ¶¶ 10-11.

**Clerk's Duty to Issue Subpoena**

Under 17 U.S.C. § 512(h)(4), if the notification satisfies the requirements of Section 512(c)(3)(A), and the proposed subpoena and declaration are in proper form, the

Clerk of Court shall expeditiously issue and sign the subpoena. For the foregoing reasons, Petitioner respectfully requests the Clerk of Court issue the enclosed, proposed subpoena (Exhibit 2).

Dated: October 18, 2025

/s/ Nima Gharavi
Nima Gharavi

Petitioner, *Pro Se*